Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Hernández, Figueras y Sulzbacher.

---

FERNÁNDEZ ET AL v. SEPÚLVEDA.

CASACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 49.—Resuelto en Febrero 11, 1903.

CASACIÓN.—En el escrito interponiendo recurso de casación por infracción de ley, además de expresarse el párrafo del artículo 1690 en que se halle comprendido, es necesario citar con precisión y claridad la ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido.

EXPOSICIÓN DEL CASO.

*Resultando:* que habiéndose ordenado por el Tribunal de Distrito de Mayagüez. á instancia de Don Tomás del Carmen Sepúlveda, en auto de 25 de Febrero del año próximo pasado, la prevención del juicio abintestato de Doña María Lucía Sepúlveda, y en su consecuencia la ocupación de los libros, papeles y correspondencia de la finada y el inventario y depósito de los bienes de la misma, fueron inventariadas tres fincas rústicas, de las que se encargó como Depositario-Administrador Don Tomás del Carmen Sepúlveda, en calidad de interino, hasta que prestara la fianza que se le exigiera.

FERNANDEZ ET AL *v.* SEPÚLVEDA.

APPEAL in cassation from the District Court of Mayagüez.

No. 49.—Decided February 11, 1903.

*Resultando:* que Don José Antonio Fernández y la Sociedad mercantil Fernández y Cª dedujeron, con fecha 10 de Marzo del año citado, demanda incidental de prévio y especial pronunciamiento, con súplica de que fueran excluidas del inventario las fincas mencionadas, por pertenecer dos de ellas al Fernández y la otra á la referida sociedad, acompañando al efecto los documentos que estimaron conducentes á la justificación de su derecho: y conferido traslado de esa demanda á Don Tomás del Cármen Sepúlveda, impugnó el incidente y solicitó se declarara sin lugar, ya por no ser de los comprendidos en el artículo 741 de la Ley de Enjuiciamiento Civil, debiendo, por tanto, ser repelido de oficio con arreglo al artículo 742, ya porque en el supuesto de ser admisibles, los bienes inventariados corresponden al juicio abintestato de Doña María Lucía Sepúlveda, como adquiridos durante el matrimonio de la misma con Don José Rosario Cuevas.

*Resultando:* que practicadas las pruebas propuestas por ambas partes y celebrado el juicio oral, el Tribunal de Distrito de Mayagüez dictó sentencia en 7 de Junio último, por lá que declaró con lugar la demanda incidental propuesta y mandó en su virtud alzar la intervención y administración que pesan sobre las fincas á que se refiere el incidente, sin especial condenación de costas, reservando á las partes sus derechos en la via y forma procedentes.

*Resultando:* que contra esa sentencia interpuso ante el Tribunal sentenciador el Letrado Don José Ramón Freyre, en representación de Don Tomás del Cármen Sepúlveda, recurso de casación por infracción de Ley, autorizado por los números 1, 3, 6 y 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:

I.—Haberse omitido hacer declaración legal acerca de la infracción de los artículos 741 y 742 de la Ley de Enjuiciamiento Civil, pues el incidente debió declararse sin lugar, por no tener personalidad para promoverlo Fernández y Cª ni Don José A. Fernández y Fernández, quienes ni son partes en el juicio abintestato de Doña María Lucía Sepúlveda, ni acreedores, ni legatarios de la misma, como tampoco tienen que ver con la validez del pro-

marriage with José Rosario Cuevas. After hearing the evidence submitted by both parties, the District Court of Mayagüez, on the 7th of June, 1902, rendered judgment sustaining the complaint in intervention, and ordering the discontinuation of the administratorship provided for the properties in question, without special imposition of costs, the right being reserved to the parties to proceed in the matter in the proper manner. From this decision an appeal in cassation was taken by José Ramón Freyre, Esq. on behalf of Tomás del Carmen Sepúlveda, based on paragraphs 1, 3, 6 and 7 of article 1690 of the Law of Civil Procedure, alleging the following grounds of appeal, to wit:

I.—Failure to pass upon the alleged violation of articles 741 and 742 of the Law of Civil Procedure, since the complaint in intervention should have been dismissed, in view of the fact that neither Fernández & Co., nor José A. Fernández, have the necessary capacity to prosecute the same because they are not parties to the intestate proceedings of María Lucía Sepúlveda, nor are they her creditors or legatees, nor have they anything to do with the validity of the proceeding, nor with the main question, which circumstances are necessary for the prosecution of the incidental issue, and no decision having been made upon these points, it is evident that the provisions of paragraph 3 of article 1690 of the Law of Civil Procedure, have been violated.

II.—Error in the judgment in assuming that Fernández & Co. and José A. Fernández are in possession of the farms in question, inasmuch as the heirs of María Lucía Sepúlveda are the ones who have been and are still in actual possession thereof and in said possession they have been disturbed by the claim of José A. Fernández, who demands the judicial possession of said farms, which demand has been opposed by said heirs, as appears from the record, thereby justifying an appeal in cassation under paragraph 1 of article 1690 of aforesaid law and rule 79 of General Order No. 118, of 1899.

III.—Violation of law, if the provisions of paragraph 3 of aforesaid article 1690 are taken into account, for the Mayagüez Court in its judgment orders the intervention and administration encumbering the farms, to be discontinued without its having been demanded by any of the parties while, on the other hand, it fails to pass upon the claims in the suit.

Neither of the attorneys for the party appellant has pre-

cedimiento ni con el asunto principal, circunstancias necesarias para que el incidente hubiera sido viable; por lo que,'no habiéndose hecho declaración alguna sobre esos extremos, se halla probada la infracción de ley que establece el número 3 del artículo 1690 de la Ley de Enjuiciamiento Civil.

II.—Error en la sentencia al apreciarse que Fernández y Cª y Don José A. Fernández están en posesión de las fincas de que se trata, pues la Sucesión de Doña María Lucía. Sepúlveda es la que ha estado y está en dicha posesión y en ella ha sido perturbada con la pretensión de Don José A. Fernández al solicitar la posesión judicial á que se opusieron, como así consta en autos, por lo que procede el recurso de casación, según el número 1 del artículo 1690 ya citado, y regla 79 de la Orden General número 118 de 1899.

III.—Infracción de Ley, si se tiene en cuenta lo que establece el número 3 del repetido artículo 1690, pues el Tribunal de Mayagüez, en la parte dispositiva de la sentencia, manda alzar la intervención y administración que pesan sobre las fincas, sin que conste haya sido pedido por alguna de las partes, omitiéndose en 'cambio hacer pronunciamiento sobre las pretensiones deducidas en el pleito.

*Resultando:* que por ninguno de los dos Letrados de la parte recurrente se han hecho alegaciones ante esta Corte Suprema, ya por escrito, ya oralmente, en apoyo del recurso.

Abogados del recurrente: *Sres. Freyre* (José R.) y *Palmer.*

Abogado de los recurridos: *Sr. Alvarez Nava.*

*El Juez Asociado Sr. Hernández,* después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* que con arreglo al artículo 1,718 de la Ley de Enjuiciamiento Civil, en el escrito interponiendo recurso de casación por infracción de ley, además de expresarse el párrafo del artículo 1,690 en que se halle comprendido, es necesario citar con precisión y claridad la ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido.

*Considerando:* que si bien en el escrito de interposición del recurso se expresa que está comprendido en los párrafos 1, 3, 6 y 7 del artículo 1,690 de la Ley citada, se confunden los conceptos de dichos párrafos 3 y 7 con el del párrafo 1, se omite toda alegación sobre la falta de competencia á que se refiere el párrafo 6, y tampoco se citan con claridad y precisión las leyes que hayan podido ser infringidas, con relación

sented any argument, in support of the appeal, either orally or in writing, before the Supreme Court.

*Messrs. Freyre* (José R.) and *Palmer*, for appellant.

*Mr. Alvarez Nava,* for respondents.

*Mr. Associate Justice Hernández,* after making the above statement of facts, delivered the following opinion of the Court.

According to article 1718 of the Law of Civil Procedure, in an appeal in cassation for violation of law, in addition to stating the paragraph of article 1690 upon which it is based, the law or legal doctrine alleged to have been violated must be precisely and clearly cited, as well as the manner in which the violation occurred. Although in the notice of appeal it is stated that the same is based upon paragraphs 1, 3, 6 and 7, of article 1690 of aforesaid Law, the meaning of said paragraphs 3 and 7 are confused with the meaning of paragraph 1, no allegation being made as to the want of jurisdiction to which paragraph 6 refers, nor are the laws alleged to have been violated in connection with the various points presented by the appeal, cited with precision and clearness, thus affording the Court no ground upon which to discuss and pass upon the appeal.

We adjudge that we should declare, and do declare, that the appeal in cassation taken by Tomás del Cármen Sepúlveda, does not lie, and tax the costs against him. The record is ordered to be returned, and this decision communicated to the District Court of Mayagüez, for compliance therewith.

Messrs. Chief Justice Quiñones, and Associate Justices Figueras, Sulzbacher and MacLeary, concurring.

á los distintos aspectos bajo que se presenta dicho recurso, faltando, por consiguiente, términos hábiles para que esta Corte pueda discutirlo y resolverlo.

*Fallamos:* que debemos declarar y declaramos, no haber lugar á resolver el recurso de casación interpuesto por Don Tomás del Cármen Sepúlveda, al que condenamos en las costas: y con devolución de los autos, comuníquese esta resolución al Tribunal de Distrito de Mayagüez, á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.